|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |
| LESLIE JAMES JONES | 08-cv-1969-RCF |
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE |
| v. | |
| C. A. HUGHES, et al., | |
| Defendants. | |

Leslie James Jones, a state prisoner proceeding pro se, seeks to bring this civil action in forma pauperis, asserting claims under 42 U.S.C. § 1983. As explained below, the court denies Mr. Jones' petition because the inmate account statement that he submitted does not include information for the six-month period *immediately* preceding August 21, 2008, the date he filed his complaint. If Mr. Jones wishes to proceed with this case, he must, within 30 days from the date of this order, file a new application to proceed in forma pauperis that includes this information.

A federal statute, 28 U.S.C. § 1915(a), sets forth certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under 28 U.S.C. § 1915, a prisoner who brings a civil action in forma pauperis must, over time, pay a $350 filing fee. In order for the court to determine how the prisoner must pay this fee, the prisoner must submit a certified copy of his inmate account statement for the six-month period *immediately* preceding the date that the prisoner filed his complaint. *See* 28 U.S.C. § 1915(a)(2). If the court grants the prisoner's application, the court must, based on the information in the inmate account statement, "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of

any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1).

Mr. Jones has submitted an inmate account statement for the period of February 12, 2008 through August 12, 2008. This account statement does not show his funds for the six-month period *immediately* preceding the filing of his complaint on August 21, 2008. The court will therefore deny Mr. Jones' application to proceed in forma pauperis without prejudice to resubmission. If, within 30 days from the date of this order, Mr. Jones submits a new, completed application to proceed in forma pauperis, including a certified copy of his inmate account statement showing his funds for the period of February 21, 2008 through August 21, 2008, the court will grant his petition, and thereby obligate the prisoner to pay a $350 filing fee. If, by that time, the petitioner decides not to proceed with the case, he need not pay the $350 filing fee.

In order for Mr. Jones to decide whether to submit a new petition and proceed with the case, the Court will address the screening requirements of Prison Litigation Reform Act. Under 28 U.S.C. § 1915A, this Court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Thus, if Mr. Jones decides to proceed with this case, the Court would then be required to determine whether Mr. Jones' complaint states a cognizable claim for relief with respect to each named defendant.

**Defendants Sandy, Hughes and Rodriguez**

Mr. Jones alleges that on August 26, 2003 Lieutenant E. Sandy ordered the confiscation and destruction of his "personal and institutional[ly] authorized property, vindictively and with malic[ious] intent," in violation of his Fourth Amendment rights. Complaint at 3(G).[1] On the face of Mr. Jones' complaint, this claim appears to be barred by the applicable statute of limitations.

"Because § 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims." *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam). In California, the applicable statute of limitations is two years for claims that accrued after January 1, 2003. *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Mr. Jones seeks money damages under § 1983 and has been incarcerated since the time of his alleged injuries, so the two-year statute of limitations is tolled for an additional two years by statute. *See* Cal. Civ. Proc. Code § 352.1(c). Thus, the applicable statute of limitations is four years. Unless Mr. Jones can show that the statute of limitations should be tolled further, his Fourth Amendment claim against Lieutenant E. Sandy expired August 26, 2007, approximately one year before he filed this lawsuit. It therefore appears that if Mr. Jones decides to proceed with his case, the Court would have to dismiss this claim without prejudice.[2] As discussed below, Mr. Jones is entitled to amend his complaint. *See*

---

[1] Mr. Jones supplied this pagination style to his complaint.

[2] The statute of limitations is an affirmative defense and therefore is not usually raised by the Court. Nevertheless, "where the existence of a complete and obvious defense is apparent from the allegations of the complaint," the Court may dismiss a claim on the basis of that complete defense under the § 1915A screening procedure. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984). If Mr. Jones decides to proceed with his case, the Court would apply the statute of limitations when screening his complaint. Mr. Jones will be given an opportunity to amend his complaint, however, because it is not "absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Id.* at 1228 n.9 (quotation

(continued...)

Fed. R. Civ. P. 15(a).

Mr. Jones also alleges that Lieutenant E. Sandy, Counselor C. A. Hughes and Captain W. A. Rodriguez violated his First, Eighth and Fourteenth Amendment rights by retaliating against him for his "proper use of the CDC appeal process in the filing of inmate grievances against [Hughes]." Complaint at 3(G). Specifically, Mr. Jones alleges that Counselor C. A. Hughes released sensitive information about his arrest history to the inmate population and thereafter, on May 3, 2004, Counselor C. A. Hughes and Lieutenant E. Sandy cause him to be placed in administrative segregation for a "frivolous" rules violation, for which he was found "not guilty" on July 26, 2004. Complaint at 3(F). Mr. Jones alleges that Captain W. A. Rodriguez participated in this retaliation by "leaving [Mr. Jones] confined in the hole" starting May 3, 2004. Complaint at 3(G). With respect to Lieutenant E. Sandy and Counselor C. A. Hughes, Mr. Jones also contends that his placement in administrative segregation was cruel and unusual punishment and violated his equal protection rights because other inmates found not guilty of rules violations are released from administrative segregation.

Mr. Jones brought substantially identical claims against these defendants in a previous lawsuit, *Jones v. Sandy, et al.*, No. CIV-04-1933. The Court has learned by reviewing the docket of that case that Mr. Jones' claims regarding retaliation and administrative segregation were dismissed without prejudice because Mr. Jones had failed to exhaust his administrative remedies.[3]

All of Mr. Jones' First, Eighth and Fourteenth Amendment claims regarding the release of sensitive information and administrative segregation appear to be barred by the statute of

---

[2](...continued)
marks omitted).

[3] The Court makes no finding at this time whether the documents attached to Mr. Jones' complaint sufficiently prove that he has since exhausted his administrative remedies.

4

limitations. A four-year limitations period applies, as explained above. *See* Cal. Civ. Proc. Code § 352.1(c). "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 action. Specifically . . . the claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Elliot v. Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994) (citations and quotation marks omitted). Because Mr. Jones filed his earlier lawsuit arising out of these facts on May 7, 2004, it is clear that he knew of the injuries underlying his retaliation claim by then. Further, according to Mr. Jones' complaint, failure to release him from administrative segregation is the injury underlying his Eighth and Fourteenth Amendment claims. By his allegations, Mr. Jones knew of this injury by July 26, 2004, when he was found not guilty of the allegedly frivolous charges. Complaint at 3(F). Unless Mr. Jones can show that the statute of limitations should be tolled further, his claims expired July 26, 2008 at the latest, approximately one month before he filed this lawsuit. It therefore appears that if Mr. Jones decides to proceed with his case, the Court would have to dismiss Mr. Jones' First, Eighth and Fourteenth Amendment claims against Lieutenant E. Sandy, Counselor C. A. Hughes and Captain W. A. Rodriguez without prejudice. As discussed below, Mr. Jones is entitled to amend his complaint. *See* Fed. R. Civ. P. 15(a).

**Defendant Johnson**

Mr. Jones alleges that Sergeant T. Johnson violated his Eighth Amendment rights by denying Mr. Jones access to medical treatment with deliberate indifference. Complaint at 3(G). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Non-physician prison officials can be deliberately indifferent under § 1983 if they intentionally interfere with a prisoner's medical treatment. *See Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999). Interference with access to medical treatment is actionable only if the delayed access was harmful. *See Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir.

1989). Mr. Jones' complaint alleges that Sergeant T. Johnson was deliberately indifferent to Mr. Jones' "serious medical needs by denying Plaintiff medical treatment and access to Facility II medical staff." Complaint at 3(G). Mr. Jones does not allege any additional facts to support his deliberate indifference allegation, or that he was harmed as a result of Sergeant T. Johnson's alleged interference with his access to medical treatment. The Court "cannot say that it would be impossible for him to allege facts sufficient to support such an action for deliberate indifference to his medical needs." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). But, "[a]s it stands, his complaint does not provide . . . enough information to determine whether he could maintain such a cause of action." *Id.* Mr. Jones is entitled, however, to amend his complaint to reallege the substance of his original allegations and add any allegations that could state a claim against Sergeant T. Johnson for deliberate medical indifference under the standards explained above. *See* Fed. R. Civ. P. 15(a).

Mr. Jones also alleges that Sergeant T. Johnson was deliberately indifferent to his needs by depriving him of "his state required daily meal (breakfast and dinner) on at least three (3) separate occasions," amounting to cruel and unusual punishment. Complaint at 3(H). If the defendant acted with deliberate indifference, "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009). Isolated occurrences of a prison official denying meals, on the other hand, "do not appear to rise to the level of a constitutional violation." *Id.* at 813 n.1. Mr. Jones alleges that Sergeant Johnson deprived him of meals on "at least three" occasions. Complaint at 3(H). These allegations, if construed in the light most favorable to Mr. Jones, may be sufficient to state a claim against Sergeant T. Johnson for sustained deprivation of food under the Eighth Amendment. But this is not to say that the Court has decided whether Mr. Jones would prevail on these claims.

**Defendant Peterson**

Mr. Jones alleges that Sergeant J. Peterson violated his First Amendment rights by "intimidating [Mr. Jones] and instilling fear in [him] on at least three (3) occasions by calling [him] to the Facility II Program Office to scare [him] into dismissing/dropping his . . . inmate grievance against Acting Sgt. T. Johnson." Complaint at 3(H). "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994). Mr. Jones alleges retaliation based on his seeking redress of grievances, a right protected by the First Amendment. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). To state a cause of action, however, a prisoner "must do more than allege retaliation because of the exercise of his first amendment rights . . . ; he must also allege that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Mr. Jones has not alleged that Sergeant J. Peterson lacked a legitimate penological goal in calling Mr. Jones into the Program Office. It therefore appears that if Mr. Jones decides to proceed with his case, the Court would have to dismiss his claim against Sergeant J. Peterson. Mr. Jones is entitled, however, to amend his complaint to reallege the substance of his original allegations and add any allegations that could state a claim against Sergeant J. Peterson for retaliation under § 1983 under the standards explained above. *See* Fed. R. Civ. P. 15(a).

**Amending a Complaint**

Mr. Jones may amend his complaint once as a matter of right before defendants serve him with a responsive pleading. *See* Fed. R. Civ. P. 15(a). If Mr. Jones wishes to amend his complaint, he is advised that <u>Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading</u>. Because an amended complaint supersedes the

original complaint, the amended complaint must sufficiently state each claim and the involvement of each defendant. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Should Mr. Jones wish to proceed on his claims that appear to be barred by the statute of limitations, he must allege facts which would establish the timeliness of these claims or the reasons for tolling the statute of limitations further. *See Abreu v. Ramirez*, 284 F. Supp. 2d 1250, 1257 (C.D. Cal. 2003).

Accordingly, IT IS HEREBY ORDERED that:

1. Mr. Jones' petition to proceed in forma pauperis is DENIED WITHOUT PREJUDICE to its being refiled.

2. If Mr. Jones, within 30 days from the date of this order, submits a new, properly completed application to proceed in forma pauperis, including a certified inmate account statement <u>showing his funds for the period of February 21, 2008 through August 21, 2008</u>, this action will be reinstated, and Mr. Jones' petition will be granted.

3. The Clerk of the Court is directed to send Mr. Jones an application to Proceed in Forma Pauperis By a Prisoner for use in a civil rights action.

DATED: March 30, 2009

/s/ Raymond C. Fisher
Raymond C. Fisher,
UNITED STATES CIRCUIT JUDGE
Sitting by Designation